# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: N.H.**

**No. 14-0256** (Hancock County 13-JA-13)

**FILED**

June 16, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner M.P, the child's custodian, by counsel James T. Carey, appeals the Circuit Court of Hancock County's February 14, 2014, order terminating his custodial rights to the child, N.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Cathryn A. Nogay, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that he had to meet all applicable factors in order to be the child's psychological parent, that he was not the psychological parent, and in failing to consider his motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and the child's mother have a history of DHHR involvement in regard to abuse and neglect of N.H. In August of 2012, the DHHR filed an abuse and neglect petition against the mother and her boyfriend, the petitioner herein. Petitioner was the child's caretaker, as the mother routinely left the child in petitioner's care. The petition alleged that petitioner regularly abused alcohol and marijuana and that the abuse impaired his ability to properly care for and supervise the child. While the child was in foster care, it was determined that the parties had also neglected his medical needs, as he required surgery to correct both his undescended testicles and several badly decayed teeth. Both petitioner and the mother were granted pre-adjudicatory improvement periods. In the course of that abuse and neglect proceeding, petitioner ceased abusing alcohol and controlled substances, and both parties participated in parenting and life skills training.

After successfully completing their improvement periods, the circuit court returned the child to petitioner and the mother in November of 2012, on the conditions that petitioner stop abusing alcohol and controlled substances, and that both parties continue with life skills and parenting services, see to the child's follow-up care for the medical issues discovered while in foster care, and enroll the child in preschool.

1

Thereafter, in April of 2013, the DHHR filed an abuse and neglect petition in the matter currently on appeal after receiving a referral that drug use was occurring in the home. The DHHR alleged that petitioner failed to supply the child with appropriate food, care, protection, supervision, and shelter due to his ongoing abuse of drugs and alcohol, as his exposure of the child to other drug users. The DHHR further alleged that the parties failed to comply with the case plan from the prior abuse and neglect proceeding, including their failure to follow-up with treatment for the child's medical issues. The circuit court held an adjudicatory hearing in May of 2013, during which it heard testimony from several law enforcement officers about the drug activity occurring in petitioner's home. Accordingly, the circuit court found petitioner to be an abusing custodian.

In November and December of 2013, the circuit court held a series of dispositional hearings, during which the mother decided to voluntarily relinquish her parental rights to the child. After accepting the mother's voluntary relinquishment, the circuit court turned to the issue of whether petitioner, as the child's custodian, was entitled to a dispositional hearing. The circuit court decided that petitioner could participate in the dispositional hearing, and ultimately terminated his custodial rights to the child.[1] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings as to petitioner's status as a custodian or in its decision to terminate petitioner's custodial rights without offering petitioner an improvement period.

---

[1]No party to this appeal has challenged the circuit court's decision to allow petitioner's participation in the dispositional hearing as only a custodian or potential psychological parent. Because that issue is not raised on appeal, and because resolution of that issue is not necessary for affirmation of the circuit court's ultimate decision, the Court does not address that issue in this memorandum decision.

On appeal, petitioner argues that he was unfairly prejudiced because the circuit court revisited the issue of whether or not he qualified as the child's psychological parent at the dispositional hearing after already finding that he was the child's psychological parent at the adjudicatory hearing. Further, he alleges that the circuit court clearly erred in reversing that finding at the dispositional hearing. Upon our review, the Court finds no error in regard to either of these allegations because the distinction between petitioner's status as a custodian or a psychological parent is ultimately irrelevant in light of the circuit court's decision to grant petitioner a full dispositional hearing. In the dispositional order, the circuit court specifically stated that it was "allow[ing] [petitioner] to participate in the [dispositional] proceedings and present his position." As such, it is clear that regardless of petitioner's relation to the child, he was afforded both notice of, and an opportunity to be heard at, the dispositional hearing as required by Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 49-6-5(a).

Furthermore, the Court finds no error in the circuit court's decision to deny petitioner an improvement period. Petitioner alleges that the circuit court did "not even consider [his] written motion for an improvement" period, but this argument ignores the broad discretion circuit courts have in granting improvement periods and the fact that petitioner could not satisfy the burden necessary to be considered for the same. West Virginia Code § 49-6-12(b)(2) grants circuit courts discretion in granting post-adjudicatory improvement periods upon the parent showing, by clear and convincing evidence, that they are "likely to fully participate in the improvement period." The evidence below overwhelmingly shows that petitioner could not satisfy this burden.

In its dispositional order, the circuit court specifically noted petitioner's testimony in which he stated that "there was nothing he would change about his parenting of [N.H.] if [the child] were returned to his care." Further, petitioner testified that he continued to abuse marijuana as recently as two weeks prior to the dispositional hearing, and also continued to consume alcohol. As such, the circuit court found that petitioner had failed to respond to or follow through with rehabilitative efforts designed to prevent the child's neglect, which constitutes a situation in which there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected pursuant to West Virginia Code § 49-6-5(b)(3).

We have previously held as follows:

> [I]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, --, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Based upon this holding and the evidence outlined above, it is clear that petitioner was not entitled to an improvement period. Not only could he not satisfy the burden necessary to obtain an improvement period as set forth in West Virginia Code § 49-6-12, but he failed to acknowledge the underlying conditions of abuse and neglect present

3

in the home. As such, an improvement period would have constituted "an exercise in futility at the child's expense," and the circuit court did not err in proceeding to termination of petitioner's custodial rights without first granting an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its February 14, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II